# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RAMONA N. CHRISTY,**

        **Plaintiff,**

**v.**                                          **Case No.:  2:19-cv-136**
                                                 **JUDGE GEORGE C. SMITH**
                                                 **Magistrate Judge Jolson**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## ORDER

This case is before the Court to consider the *Report and Recommendation* issued by the Magistrate Judge on December 12, 2019.  The Magistrate Judge recommended that Plaintiff's Statement of Errors be overruled, the decision of the Commissioner of Social Security be affirmed, and that judgment be entered in favor of Defendant, the Commissioner of Social Security.  (Doc. 18).  This matter is now before the Court on Plaintiff's Objections to the Magistrate Judge's *Report and Recommendation*.  (Doc. 19).  The Court will consider the matter *de novo*.  *See* 28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b)(3).

Plaintiff raises one main objection to the Magistrate Judge's Report and Recommendation and also urges the Court o review all the arguments set forth in detail in her Statement of Specific Errors.  Plaintiff argues in her objection that the ALJ failed to properly evaluate the opinions of the treating physician.  Specifically, Plaintiff asserts that the ALJ was unaware that Dr. LeMay was her treating physician at the time the medical source statement was completed.  Further, she argues that the ALJ did not properly consider all of the relevant factors enumerated in 20 C.F.R. § 404.1527(c).

The Court acknowledges that the ALJ wrote that Dr. LeMay's "limitations were based on a one-time evaluation shortly after surgery." (Tr. 1157). However, the Court agrees with the Magistrate Judge's reasoning that considering the ALJ's entire decision, the ALJ acknowledged that Dr. Lemay had treated Plaintiff before. However, the ALJ concluded that Dr. LeMay's own treatment records did not contain abnormal physical findings that would support the opined limitation. (Tr. 1157). Therefore, the Court finds that the ALJ considered the full record when discounting the residual functional form that Dr. Lemay completed and ultimately that the evidence in the record supports the ALJ's decision. *See Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 175-76 (6th Cir. 2009) ("Where the opinion of a treating physician is not supported by objective evidence or is inconsistent with the other medical evidence in the record, this Court generally will uphold an ALJ's decision to discount that opinion."). Therefore, for the reasons stated in the well-reasoned *Report and Recommendation*, this Court finds that Plaintiff's objection is without merit.

Based on the aforementioned and the detailed *Report and Recommendation*, the Court finds that Plaintiff's objection has been thoroughly considered and is hereby **OVERRULED**. Accordingly, the *Report and Recommendation,* Document 18, is **ADOPTED** and **AFFIRMED.**

The Clerk shall remove Documents 18 and 19 from the Court's pending motions list and enter final judgment in favor of Defendant, the Commissioner of Social Security.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**